FILED IN OPEN COURT
ON 9/7/23 BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:23-CR-45-BO-BM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| SHAQUITA TOMEL TILLERY ) | |

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all relevant times to this Indictment:

1. The defendant, SHAQUITA TOMEL TILLERY, resided in the Eastern District of North Carolina.

### *COVID-19 Pandemic and Legislation*

2. On March 13, 2020, the President of the United States declared a national emergency recognizing the threat that the novel coronavirus, known as SARS-CoV-2, and COVID-19, the disease caused by SARS-Co-V-2, posed to the nation's healthcare systems. The President also determined that same day that the COVID-19 outbreak constituted an emergency, of nationwide scope, pursuant to section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (Stafford Act), Title 42, United States Code, Section 5191(b).

3. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was signed into law on March 27, 2020. The CARES Act was designed to provide

emergency financial assistance to millions of Americans who were suffering the economic effects caused by the pandemic.

4. The Consolidated Appropriations Act of 2021 (CAA) was signed into law on December 27, 2020. The CAA included $900 billion in federal support for additional economic assistance and stimulus relief to address the ongoing pandemic.

*Defendant's Exploitation of COVID-19 Programs*

5. Between approximately April 2021 and December 2021, the defendant, SHAQUITA TOMEL TILLERY, by means of false and fraudulent pretenses, obtained, and attempted to obtained, monies from one or more government-funded assistance programs related to the COVID-19 pandemic, including the North Carolina HOPE program, as described below.

*North Carolina HOPE Program*

6. The North Carolina Department of Public Safety (DPS) used federal funding from the CARES Act and CAA to administer the North Carolina Housing Opportunities and Prevention of Evictions (HOPE) program. The primary purpose of the program was to provide rent assistance to eligible renters who were financially impacted by the COVID-19 pandemic. The program closed to applicants on December 17, 2021.

7. To qualify for rental assistance under the HOPE program, the household must have been low-income, experiencing financial hardship due to the COVID-19 pandemic, and been at risk of experiencing homelessness or currently experiencing housing instability. Tenants and landlords could receive up to 15 months of rental

assistance, including 12 months of back rent. In exchange for receiving program funds, the landlord agreed not to evict the tenant for a certain amount of time.

8. To obtain rent assistance, the tenant submitted an online application stating their name, rental address, contact information, household members, household income, and contact information for the landlord. The application also required the tenant to confirm that they lived at the address, were behind on rent or unable to pay rent due to the pandemic, and the amount owed to the landlord. In addition, the application requested a copy of the tenant's lease or a written statement from the landlord identifying the amount of rent owed. The tenant was required to certify the accuracy and truthfulness of the application.

9. If eligible to receive rental assistance, the HOPE program sent a Landlord Tenant Agreement (LTA) to the email addresses provided for both the landlord and tenant. Both the landlord and tenant were required to electronically sign the LTA, during which the IP address associated with each signature was recorded.

10. In signing the LTA, the landlord affirmed under penalty of perjury that certain facts provided to the HOPE program were true and accurate. For example, the landlord was required to attest that they were "the owner of the [rental] property, property manager, broker, or otherwise possess[ed] the legal standing and authority to enforce the terms of the lease."

11. Upon approval, a check issued by DPS was sent through the mails directly to the landlord to pay the tenant applicant's rent.

3

## COUNTS ONE THROUGH THREE

12. The preceding paragraphs of this Indictment are incorporated herein by reference as factual allegations.

13. From in or about July 2021, and continuing until at least in or about December 2021, in the Eastern District of North Carolina and elsewhere, the defendant, SHAQUITA TOMEL TILLERY, with the intent to defraud, devised a scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises, and for purposes of executing or attempting to execute the scheme, used the mails and caused the mails to be used, in violation of Title 18, United States Code, Section 1341.

## The Scheme to Defraud

14. The principal object of the scheme was for TILLERY to enrich herself by collecting rental assistance funds from the NC HOPE program to which she was not entitled.

15. In multiple HOPE applications, TILLERY was falsely identified as the landlord of various properties located within the Eastern District of North Carolina.

16. In support of the fraudulent applications, TILLERY submitted purported lease agreements in which she falsely represented that she was the landlord of the listed property.

17. TILLERY also falsely certified that she was the landlord on LTA forms used in connection with the HOPE program.

18. At no time during the relevant period did TILLERY own, control, manage, or otherwise serve as the landlord of the properties for which rental assistance was obtained, and attempted to be obtained, from the HOPE program.

19. As a result of TILLERY's false and fraudulent representations to the HOPE program, DPS issued checks to TILLERY that were sent through the mails to an address in the Eastern District of North Carolina.

## Use of the Mails

20. On or about each of the dates set forth below, in the Eastern District of North Carolina and elsewhere, the defendant, SHAQUITA TOMEL TILLERY, for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by mail and carrier according to the direction thereon, the specific mail matter identified in each row of the table below:

| Count | Application Number | Mailing Date | Mailing |
|---|---|---|---|
| 1 | APP-00125232 | 8/17/21 | NC Department of Public Safety check no. 079050 payable to Shaquita TILLERY for $9,300 in HOPE rental assistance for **804 Speight Drive, Rocky Mount, NC** and mailed to 1425 Shirley Leak Avenue, Rocky Mount, NC |
| 2 | APP-00151574 | 10/05/21 | NC Department of Public Safety check no. 120455 payable to Shaquita TILLERY for $9,240 in HOPE rental assistance for **903 Henna Street, Rocky Mount, NC** and mailed to 1425 Shirley Leak Avenue, Rocky Mount, NC |
| 3 | APP-00250832 | 11/17/21 | NC Department of Public Safety check no. 165099 payable to Shaquita TILLERY for $2,325 in HOPE rental assistance for **804 Speight Drive, Rocky Mount, NC** and mailed to 1425 Shirley Leak Avenue, Rocky Mount, NC |

Each of the above entries constituting a separate violation of Title 18, United States Code, Section 1341.

# FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any of the offenses set forth in Counts One through Three, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

(a) A sum of money representing the gross proceeds of the offense charged herein against SHAQUITA TOMEL TILLERY, in the amount of at least $20,865.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been

*Remainder of page intentionally left blank*

commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

Date: 6 Sept 2023

MICHAEL F. EASLEY, JR.
United States Attorney

*/s/ Adam F. Hulbig*
ADAM F. HULBIG
Assistant United States Attorney
Criminal Division